FILED
APR - 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR Y. ROGLER,                               :
   915 Boucher Avenue
   Annapolis, Maryland 21403
      PLAINTIFF,

                                        Case: 1:08-cv-00570
VERSUS                                         :    Assigned To : Collyer, Rosemary M.
                                        Assign. Date : 4/2/2008
U.S. DEPT. of HEALTH & HUMAN SERVICES,         Description: FOIA/Privacy Act
      DEFENDANT.

JURY ACTION

Serve:                                         :         COMPLAINT

   Secretary Michael Leavitt
   U. S. Department of Health and Human Services
   200 Independence Avenue, S.W.
   Washington, District of Columbia    :         JURY TRIAL REQUESTED

   United States Attorney
   555 Fourth Street, N.W
   Washington, District of Columbia 20530

   Attorney General Michael B. Mukasey    :
   U.S. Department of Justice
   950 Pennsylvania Avenue, N.W.
   Washington, D.C. 20530-0001

. . . . . . . . .

~~EDAR Y. ROGLER,~~                            :
   ~~915 Boucher Avenue~~
   ~~Annapolis, Maryland 21403~~
      ~~PLAINTIFF,~~

~~VERSUS~~

REV. OWEN RAY FITZGERALD,
   In His Official Capacity
      as ACPE CPE Supervisor
   And in His Personal, Individual Capacity
   6606 Greyswood Road                        :
   Bethesda, Maryland 20817
      DEFENDANT.

. . . oOo . . .

1

## **PLAINTIFF'S COMPLAINT**

The Plaintiff, Edar Y. Rogler, hereby brings this action for injunctive, declaratory and monetary relief pursuant to The Privacy Act, 5 U.S.C. §552a *et sequitor* and the Freedom of Information Act (FOIA), 5 U.S.C.§522, as amended, and the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 2202. Plaintiff civil action is to compel compliance with the Privacy Act pursuant to 5 U.S.C. §552a(g)(1) and §552a(e)(7), for an amendment under 5 U.S.C. §552a(g)(1)(A) and access under 5 U.S.C. §552a(g)(1)(B); for compensatory damages under 5 U.S.C. §552a(g)(1), accuracy under 5 U.S.C. §552a(g)(1)(D) and other damages under 5 U.S.C. §552a(g)(1)(D).

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(a)(2)(United States as defendant, 28 U.S.C. §1331and 28 U.S.C. §1331, and 5 U.S.C. §552(a)(4)(B) and 5 U.S.C. §§552a(g)(1).

2. Venue is appropriate under 5 U.S.C. §552(a)(g)(5) and 28 U.S.C. §1391.

## **PARTIES**

3. Plaintiff is a citizen of the United States and State of Maryland and resides within the State of Maryland.

4. The Defendant, the United States Department of Health and Human Services ("DHHS") is a federal agency within the meaning of 5 U.S.C. § 552a(a)(1), and in possession and/or control of records pertaining to Plaintiff Edar Y. Rogler.

5. Defendant Rev. Owen Ray Fitzgerald is a former Association of Clinical Pastoral Education, Incorporated ("ACPE") Clinical Pastoral Education ("CPE") Supervisor. Fitzgerald resides in the State of Maryland.

# FACTS

6. The Association for Clinical Pastoral Education, Inc. ("ACPE") defines itself as being "a multicultural, multifaith organization devoted to providing education and improving the quality of ministry and pastoral care offered by spiritual caregivers of all faiths through the clinical educational methods of Clinical Pastoral Education."

7. In 2005 the mission of ACPE was self-described as being " a professional association committed to advancing experience-based theological education for seminarians, clergy and lay persons of diverse cultures, ethnic groups and faith traditions. ACPE establishes standards, certifies supervisors and accredits centers to provide programs of clinical pastoral education ("CPE") in varied settings. ACPE approved programs promote the integration of personal history, faith tradition and the behavioral sciences in the practice of spiritual care."

8. In 2005 ACPE had an established, published code of ethics entitled, <u>Standard 100 Code of Professional Ethics for ACPE Members</u>. In 2005 the ACPE Standard 101 stated:

> In **Standard** 101 In relationship to those served, ACPE **members**:
> 101.1 affirm and respect the human dignity and individual worth of each person.
> 101.2 do not discriminate against anyone because of race, gender, age, faith group, national origin, sexual orientation, or disability.
> 101.3 respect the integrity and welfare of those served or supervised, refraining from disparagement and avoiding emotional exploitation, **sexual exploitation**, or any other kind of exploitation.
> 101.4 approach the religious convictions of a person, group and/or CPE **student** with respect and sensitivity; avoid the imposition of their theology or cultural values on those served or supervised.
> 101.5 respect confidentiality to the extent permitted by law, regulations or other applicable rules.
> 101.6 follow nationally established guidelines in the design of research involving human subjects and gain approval from a recognized institutional review board before conducting such research.

9. During the time period of the Fall of 2004 to the Summer of 2006 Rev. Owen Ray Fitzgerald was the Chief of the Spiritual Ministry Department ("SMD") at The National Institutes of Health ("NIH") Clinical Center ("CC").

10. During the time period of the Fall of 2004 to the Summer of 2006 Rev. Owen Ray Fitzgerald was an ACPE supervisor for an ACPE accredited educational program housed an NIH CC. During the time period of the Fall of 2004 to the Summer of 2006 Rev. Owen Ray Fitzgerald

11. During the time period of the Fall of 2004 to the Summer of 2006 Rev. Owen Ray Fitzgerald was ordained clergy being ordained as a minister by the United Methodist Church.

12. To apply to the ACPE CPE program housed at NIH CC requires the applicant to complete the ACPE application form.

13. According to the rules and regulations of ACPE the ACPE CPE application process is a confidential process NIH does not have access to the prospective students CPE applications.

14. The application and information in the application are protected by clergy privilege and priest/penitent confidentiality.

15. In the fall of 2004 the Plaintiff submitted a highly confidential application protected by the First Amendment and priest/penitent privilege to be considered for selection at an ACPE CPE program to provide educational training for chaplains provided by ACPE Supervisor Rev. Karen Morrow.

16. Said ACPE program was housed at The National Institutes of Health (NIH) Clinical Center (CC) which is under the Defendant Department of Health and Human Services (the Agency and DHHS).

17. The ACPE CPE program is distinct and separate from The National Institutes of Health.

18. In early 2005 withdrew her application submitted to Rev. Karen Morrow.

19. The ACPE rules and regulations provide that the ACPE program must destroy all applications to the ACPE program when the applicant withdraws his/her application and/or is rejected by the ACPE program.

20. In the late spring/early summer of 2005 Rev. Karen Morrow resigned from both the ACPE program and NIH CC.

21. Rev. Ray Owen Fitzgerald, who was an ACPE Supervisor at all pertinent times, took custody of Plaintiff's withdrawn ACPE CPE application and maintained said application in his ACPE records. At that time Rev. Fitzgerald was the Chief of the Spiritual Ministry Department at NIH CC.

22. When the Plaintiff was a witness in *Heffernan v. Michael Leavitt, Secretary of DHHS* and filed her own informal Title VII EEO informal complaint:

a.) Rev. Fitzgerald illegally dispersed Plaintiff's ACPE application to the Defendant;

b.) Because Rev. Fitzgerald held two positions simultaneously, Rev. Fitzgerald was able to illegally convert the Plaintiff's ACPE CPE application into his custody as a federal employee of NIH CC;

c.) Rev. Fitzgerald wrongfully used his dual capacities to facilitate the unnecessary and excessive exchange of constitutionally protected information on the Plaintiff to other federal employees, other persons and entities outside of the federal government;

d.) The Defendant DHHS has and is maintaining custody of said protected records; and

e.) The Defendant DHHS has dispersed said protected records.

23. On or about January 4, 2006 Heffernan, by and through his attorneys, served the Defendant DHHS with a motion to add the Plaintiff's name to the witness list in the *Heffernan* matter.

24. On or about January 5, 2006 DHHS employee(s) prepare a letter ("Termination Letter") noticing the termination of an alleged contract with the Plaintiff based upon concerns of the leadership of the Pain and Palliative Care Clinic.

25. On or about January 5, 2006 DHHS employee(s) transmitted said letter to EEOC Administrative Judge ("AJ") Norken as an exhibit to the DHHS' response in opposition to Plaintiff's name being added to the Heffernan witness list.

26. On or about January 5, 2006 concurrently DHHS transmitted said letter terminating alleged contract to Plaintiff.

27. EEOC AJ Norken had possession of said Termination Letter before Plaintiff had knowledge and opportunity to object to the disclosure.

28. Defendant made said Termination Letter public and dispersed said letter.

29. EEOC AJ Norken later ruled that said Termination Letter was irrelevant and inadmissible in the *Heffernan* matter.

30. The EEOC found that Michael O. Leavitt, Secretary of the DHHS, in his official capacity discriminated and retaliated against Heffernan in violation of Title VII.

31. Plaintiff filed her own informal EEO complaint with DHHS.

32. Defendant's employee(s) collected, maintained and dispersed Plaintiff's protected records.

33. Defendant's employee(s) dispersed Plaintiff's protected records to people who were not federal employee.

33. Defendant's actions were willful and intentional.

34. Defendant's actions has harmed Plaintiff.

## CAUSES OF ACTION

### First Cause of Action
### (Privacy Act-Unlawful Collection of Protected Information and Documents)

35. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

6

36. The Defendant willfully and intentionally collected, maintained and dispersed confidential records on the Plaintiff Rogler. This system of records includes information unlawfully obtained from the Association of Clinical Pastoral Education, Incorporated in the custody of Clinical Pastoral Education Supervisor Rev. Karen Morrow and, on information and belief, from others, including other governmental agencies. The Defendant's willful and intentional maintenance of this system of records on the Plaintiff violates 5 U.S.C.§§552a(e)(1), (e)(7) and (g)(1)(D), among other relevant provisions of the Privacy Act.

## Second Cause of Action
**(Privacy Act-Unlawful Maintenance of Protected Information and Documents)**

37. Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

38. The Defendant willfully and intentionally collected, maintained and dispersed confidential records on the Plaintiff Rogler.

39. This system of records includes information unlawfully obtained from the Association of Clinical Pastoral Education, Incorporated in the custody of Clinical Pastoral Education Supervisor Rev. Karen Morrow and, on information and belief, from others, including other governmental agencies.

40. The Defendant's willful and intentional maintenance of this system of records on the Plaintiff violates 5 U.S.C.§§552a(e)(1), (e)(7) and (g)(1)(D), among other relevant provisions of the Privacy Act.

## Third Cause of Action
**(Privacy Act – Improper Dissemination)**

41. Edar Rogler repeats and realleges the allegations contained in paragraphs 1 through 34, above, inclusive.

42. The DHHS, through the actions of and, on information and belief, its employees disseminated information protected by the Privacy Act concerning Plaintiff to others. This information included, but is not limited to, inaccurate and maintenance of this system of records by Defendant is not relevant to accomplish any

purpose required by statute or executive order of the President, but is part of a pattern of willful and intentional misconduct undertaken for the purposes of attacking or threatening attacks on Plaintiff, and others similarly situated.

43. The Defendant's willful and intentional maintenance of this system of records on individuals, including the Plaintiff, against them, violates 5 U.S.C.§§552a(e)(1), (e)(7) and (g)(1)(D), among other relevant provisions of the Privacy Act.

44. The Defendant's willful and intentional use and dissemination of information from this system of records to attack or threaten individuals, including Plaintiff, violates 5 U.S.C. §§552(e)(1) and (g)(1)(D), among other relevant provisions of the Privacy Act.

45. As a proximate result of Defendant's willful, intentional and unlawful maintenance of information and dissemination of information from this system of records, individuals, including Plaintiff have suffered economic and non-economic damages.

### Fourth Cause of Action
### (Failure to Account for Privacy Act Disclosures)

46. Edar Rogler repeats and realleges the allegations contained in paragraphs 1 through 37, above, inclusive.

47. DHHS is required by Subsection (e) of the Privacy Act, 5 U.S.C. § 552a(e) to do at least the following prior to making any Privacy Act disclosure:

A. Subsection (e)(2): "[C]ollect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits and privileges under Federal programs."

C. Subsection (e)(5): "[M]aintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness

and completeness as is reasonably necessary to assure fairness to the individual in determination."

D. Subsection (e)(6), Prior to the dissemination of a record "make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes."

48. The conduct of DHHS alleged in paragraphs 1-, above, violated:

A. Subsection (e)(2) of the Privacy Act. DHHS did not "collect information to the greatest extent practicable directly from" Edar rogler. The information compiled by DHHS was that which "may result in adverse determinations about [Plaintiff Rogler's] rights, benefits and privileges under Federal programs.

B. Subsection (e)(5); and C. Subsection (e)(6).

### RELIEF PRAYED FOR AGAINST DEFENDANT DHHS:

**WHEREFORE**, plaintiff Edar Rogler requests that the Court award her the following relief against Defendant DHHS:

Declare that DHHS violated the Privacy Act;

Declare that DHHS willfully violated the Privacy Act;

Declare that DHHS intentionally violated the Privacy Act;

Award Edar Rogler any actual damage under 5 U.S.C. § 552a(g)(4)(A), the exact amount of which is to be determined at trial but is not less than the $3,000,000.00 (THREE MILLION DOLLARS);

Invoke its equitable powers to expunge all records or information maintained by

the DHHS that is inaccurate and/or derogatory to Edar Rogler and unlawfully collected and maintained;

That Defendant be enjoined from unlawfully disseminating information from Plaintiff's DHHS and/or other government files;

Invoke its equitable powers and order the DHHS Secretariat to make an official statement to all news organizations and prominently post a statement on the DHHS website that:

(a) DHHS violated the Privacy Act in making Illegal DHHS Rogler Privacy Act Information Disclosures; and

(b) the allegations against Plaintiff Rogler in the Illegal DHHS Rogler Privacy Act Information Disclosures are unfounded and without merit.

Award plaintiff reasonable costs and attorneys fees as provided in 5 U.S.C. §552a(g)(3)(B) and/or (4)(B) 28 U.S.C. 2412;

Refer those DHHS officials and non-governmental individuals responsible for violating the Privacy Act for prosecution under 5 U.S.C. § 552a(i)(1);

Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

Grant such other relief as the Court may deem just and proper.

DATED:   April 2, 2008

EDAR Y. ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland  21403
(410) 280-9270

10

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
EDAR ROGLER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Anne Arundel

## DEFENDANTS
US DHHS
Rev. O Ray Fitzgerald

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT USA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:08-cv-00570
Assigned To: Collyer, Rosemary
Assign. Date: 4/2/2008
Description: FOIA/Privacy Act

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☒ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USA § 552 a et seq

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 3,000,000.00   Check YES only if demanded in complaint JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   ☐ NO   If yes, please complete related case form.

DATE 4/02/08   SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd