IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

EDAR Y. ROGLER,                              :
    PLAINTIFF

VERSUS                                       :        Case No.: 1:08-CV-00570(RMC)

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,                   :
& REV. OWEN RAY FITZGERALD
    DEFENDANTS.
..o0o..

**PLAINTIFF'S MOTION and MEMORANDUM OF LAW FOR TRANSFER TO THE U.S. DISTRICT COURT OF MARYLAND and MOTION TO SHORTEN DEFENDANTS' TIME TO OPPOSE or *SUA SPONTE* ORDER THE TRANSFER**
[28 U.S.C. §1404(a)]

Plaintiff *pro se,* Edar Rogler, hereby submits her motion pursuant to 28 U.S.C. §1404(a) to transfer the instant case to the U.S. District Court of Maryland and to shorten the Defendants' time to oppose to enable the Court to reach a decision before May 7, 2008 or to *sua sponte* transfer the instant case. In support of which she submits her following memorandum of law.

The Court has the power under 28 U.S.C. §1404(a) to transfer the instant case to the U.S. District of Maryland. In *Rosales v. U.S.*, 477 F.Supp. 2d 213, 215 (D.D.C. 2007) the Court annunciated the legal standard as follows:

> Under 28 U.S.C. § 1404(a), a district court may transfer venue when two requirements are met: (1) the proposed transferee district is one in which the action might have been brought originally; and (2) the court decides, in the exercise of its discretion, that the transfer is warranted. *See DeLoach v. Philip Morris Cos.*, 132 F. Supp. 2d 22, 24-25 (D.D.C. 2000). In deciding whether transfer is warranted, courts should consider the convenience of the parties and witnesses, as well as the "interests of justice." *See* 28 U.S.C. § 1404(a). The Court has "broad discretion" to order transfer under this standard. *In re Scott*, 228 U.S. App. D.C. 278, 709 F.2d 717, 720 (D.C. Cir. 1983). It is the party seeking transfer of venue that bears the burden of establishing that the relevant factors favor transfer. *See Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991).

RECEIVED
APR 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Court in exercising its discretion should transfer the instant cause of action to the U.S. District Court of Maryland where the action might have originally been brought and there are relevant factors favoring transfer. The Court has *sua sponte* inherent power to transfer the instant case without the motions of any parties. Therefore, the Court has power to shorten the Defendants' time to oppose the instant motion to transfer or to *sua sponte* grant the motion to transfer.

Originally, the Plaintiff brought this cause of action in Maryland, entitled *Rogler v. DHHS*, WMN-07-1676. Her Complaint was filed on June 26, 2007. On June 26, 2007 she filed a motion for leave to proceed in *forma pauperis*. The Court granted Plaintiff IFP status and ordered the Clerk to effectuate service on the Defendant. After two hundred sixty-two (262) days the Court ruled that the Defendant DHHS had not been effectively served. Plaintiff noticed her dismissal. Mr. Kator advised her to file her Privacy Act case in the District of Columbia, said suit is entitled *Rogler v. DHHS*, 1:08-cv-00570(RMC). (Meanwhile the Plaintiff's Title VII case, entitled *Rogler v. Leavitt*, 1:07-cv-00726(WMN) was dismissed for lack of jurisdiction.)

Attorney Irving Kator of KATOR, PARKS & WEISER indicated a future willingness to represent the Plaintiff and advised her to file her *Bivens* suit in the District of Columbia, which is a related case to the instant suit. On February 15, 2008 the Plaintiff and KATOR, PARKS & WEISER entered into an engagement agreement for the law firm to represent Plaintiff in all pending matters. See engagement agreement, Exh. 1. Mr. Kator noticed his appearance in the Plaintiff's Title VII case in Maryland, Exh. "2" but has not noticed his appearance in the instant case according to the Clerk's electronic docket. (The dismissal of Title VII case was vacated and the case re-opened.)

In the Title VII and the Privacy Act cases the Defendant Michael Leavitt successfully moved for ADR with a U.S. Magistrate. Judge Nickerson has ordered ADR with U.S. Magistrate Bredar to occur on May 7, 2008. U.S. Magistrate Bredar has ordered the parties to submit a comprehensive

settlement letter to him on or before April 30, 2008. Defendants are insisting to have a global settlement including the Privacy Act case. Since Defendants have demanded settlement ADR conference with a U.S. Magistrate and are demanding a global settlement, then in the interest of judicial economy and justice the Privacy Act case should be transferred to the District Court in Maryland before May 7, 2008 and preferably before April 30, 2008 to enable Judge Bredar to have a comprehensive settlement letter on all issues in all cases. Plaintiff has now effectively served all defendants. Plaintiff believes that all of her case should be consolidated in one venue with one Judge.

The Court should not dismiss the instant case on improper venue because the Privacy Act grants venue to the District of Columbia. However should the Court dismiss the instant case or its related *Bivens* case, Plaintiff will be unable to re-file either case. In *Benton v. England*, 222 F. Supp. 2d 728 (D. Md. 2002), the Court opined that:

> Because Plaintiff has brought the Title VII and ADA claims incorrectly in Maryland, it is within the discretion of this court, pursuant to 28 U.S.C. § 1406(a), either to dismiss the claims or to transfer them if it would be in the interest of justice to do so. Plaintiff asked the EEOC to reconsider the decision it had rendered in *Gwendolyn Benton v. Department of the Navy,* EEOC Appeal No. 01A02510 (April 13, 2001). The EEOC ultimately decided to deny that request. *See* Paper 1 Attachment. Pursuant to EEOC Regulations, Plaintiff had 90 days from the date she [*732] received the EEOC's denial of her request to file a civil action. 29 C.F.R. § 1614.407. The EEOC letter was mailed to Plaintiff on January 9, 2002. However, Plaintiff claimed that she never received the original letter and requested a second copy of the letter which was sent on February 25, 2002 and which Plaintiff presumably received shortly thereafter. Plaintiff has attached this copy of the original letter to her complaint. Plaintiff filed her complaint in this court on April 30, 2002, within the 90 day time limit counting from February 25, 2002. However, if this court were to dismiss Plaintiff's claims now, Plaintiff would be unable to re-file them in the court of proper venue as more than 90 days have passed since February 25, 2002. In *Goldlawr v. Heiman*, 369 U.S. 463, 8 L. Ed. 2d 39, 82 S. Ct. 913 (1962), the Supreme Court observed that:
>
>> if by reason of the uncertainties of proper venue a mistake is made [in the filing of an action], Congress, by the enactment of §

1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'

*Id.*, at 467. It would be, therefore, in the interest of justice to transfer Plaintiff's claims, as brought under Title VII and the ADA, to the United States District Court for the District of Columbia.

Plaintiff's ADEA claim will be transferred along with the Title VII and ADA claims.

WHEREFORE, Plaintiff prays for the Court to *sua sponte* transfer the instant case to Maryland or to shorten the time for the Defendant to respond and to grant the motion to transfer.

Respectfully submitted by:

DATED: April 21, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008 I mailed postage, pre-paid the above motion to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER, Plaintiff *pro se*

## CONTINGENCY RETAINER AGREEMENT

1. I, Edar Rogler, 915 Boucher Avenue, Annapolis, Maryland 21403 (410-280-9270), hereby retain the law firm of KATOR, PARKS & WEISER, P.L.L.C., 1200 18th Street, N.W., Suite 1000, Washington, D.C. 20036, to represent me in the U.S. District Courts in the District of Columbia and in the District of Maryland in actions which I have filed in those courts

2. As I am unable to pay for legal services, the Firm has agreed to represent me on a contingency basis. Accordingly, I agree to pay the firm 33 1/3 percent of any monetary recovery I receive as a result of the litigation I have filed, or otherwise, from the Department of Health and Human Services related to the claims I have set out in my civil complaint or alternatively, the amount of attorneys fees incurred by all attorneys working on the case in accordance with the hourly rates set out in this agreement, whichever is greater. If there is no monetary recovery I understand I will not owe the firm for their work in representing me except I will be liable to pay expenses as set out in Paragraph 3
below.

3. I agree to pay all necessary expenses incurred in carrying out the above legal representation, including necessary filing fees, travel and related expenses, services of experts, photocopying, messengers, postage, long distance telephone calls, and transcript costs, as may be necessary and appropriate. If it is deemed necessary to take depositions in the case, the estimated cost of recording and transcription, as stated by the law firm, shall be paid by me in advance of the deposition. I may request the firm to defer my payment of these expenses until the conclusion of this matter but such deferment will be at the option of the firm.

4. If it becomes desirable to pursue this matter in any forum other than those noted in paragraph 1, I will enter into a new retainer agreement with the law firm, but the terms of this agreement will govern until a new agreement is executed. It is understood that the law firm has no obligation, however, to represent me beyond what is described in paragraph 1.

5. If the resolution of this matter is favorable and there are fee-shifting statutes applicable under which I may seek an award of attorneys' fees and expenses, the firm will undertake to seek such an award on my behalf. I understand that such action shall not serve to postpone or otherwise limit my obligation to pay to the firm the fees and expenses owed under the terms of this agreement. Moreover, if only partial fee and cost reimbursement is obtained, I understand that I shall continue to be responsible for the balance billed and owed by me in accordance with paragraph 2 above.

6. I understand the law firm will represent me to the best of its ability. I understand further, however, that risk is inherent in any legal proceeding and the law firm cannot provide me assurance of a successful outcome to my matter.

7. I understand that the firm may withdraw from representing me if: (1) the firm determines that I have misrepresented or concealed facts during the firm's representation of me; (2) I fail to honor the financial obligations set forth in this agreement; (3) I fail to cooperate fully

Exhibit "1"

in the conduct of the matter; or (4) the firm is required or authorized by law to withdraw from the case. In the event of withdrawal by the firm, I understand that the firm will assist to a reasonable extent in locating substitute counsel and will take whatever action is necessary and appropriate to preserve my right to pursue my claims and I understand further that under these circumstances, I remain liable to the firm for all hourly fees and expenses incurred in accordance with paragraphs 2 and 3 above.

      8. I further understand that I may discharge the firm or direct the firm to dismiss the case, at any time. If I receive a settlement or judgment after I discharge the firm, I understand I remain obligated to pay the firm in accordance with paragraphs 3 and 4 above.

      9. I understand and agree that this retainer agreement will be interpreted and enforced in accordance with the laws of the District of Columbia.

Date: 02/15/08

      Edar Rogler

Accepted by:

      IRVING KATOR
      KATOR, PARKS, & WEISER, P.L.L.C.

Date: 2/15/08

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDAR ROGLER, | ) |
| Plaintiff | ) |
| v. | ) |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) Civil Action No. WMN-07-CV-0726 |
| Defendant | ) |

## NOTICE OF APPEARANCE

Irving Kator of Kator, Parks, & Weiser, PLLC, hereby enters his appearance on behalf of Plaintiff Edar Rogler.

Respectfully submitted,

/s/

Irving Kator
Bar No. 08687
KATOR, PARKS & WEISER, PLLC
1200 18th Street, N.W., Suite 1000
Washington, D.C. 20036
Telephone: (202) 898-4800
Facsimile: (202) 289-1389

March 19, 2008                                Attorney for Plaintiff

Exhibit "2"