IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR Y. ROGLER,  :
    PLAINTIFF

VERSUS  :  C.A. No.: 08-00570(RMC)

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,  :
& REV. OWEN RAY FITZGERALD
    DEFENDANTS.

..oOo..

## PLAINTIFF'S MOTION TO CONSOLIDATE

Pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure ("Federal Rules"), the Plaintiff moves to consolidate this action with *Rogler v. Biglow, et al.*, Civil Action No. 07-02308(RMC) and for the return of one of her $350.00 filing fees. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

Respectfully submitted by:

DATED: August 14th, 2008

EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270
edar_rogler@yahoo.com

CERTIFICATE OF SERVICE

I hereby certify that on August 14th, 2008 I mailed postage, pre-paid the above reply to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. Civil Division, Room E4905, Washington, District of Columbia 20530.

EDAR ROGLER

RECEIVED

AUG 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDAR Y. ROGLER,       :
    PLAINTIFF

VERSUS       :       C.A. No.: 08-00570(RMC)

U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,       :
& REV. OWEN RAY FITZGERALD
    DEFENDANTS.

..o0o..

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE CIVIL ACTIONS NOS. 07-2308(RMC) AND 08-0570(RMC)

Pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure ("Federal Rules"), the Plaintiff moves to consolidate this action with *Rogler v. Biglow, et al.*, Civil Action No. 07-02308(RMC) to avoid unnecessary costs and/or delays and in the interest of equity.[1]

### BACKGROUND

Plaintiff respectfully asserts that her two civil actions involve common questions of fact and/or law. Almost the same sets of facts will be involved with the adjudication of both civil actions. Originally the Plaintiff filed the two actions together in the United States District Court for

---

[1] Pursuant to Local Civil Rules (L.Cv.R.) Rule 7.1(m), the undersigned was able to contact opposing counsel for the Defendants' position on the instant motion. Defendants' counsel stated that Defendants will oppose the instant motion to consolidate and did not state any reasons in support of their opposition. Plaintiff proffers that the only reason Defendants are in opposition is for legal strategy and not in the interest of justice or judicial economy. Defendants failed to comply with L.Cv.R. 40.5(b)(3) and notify the Court of the active Title VII case in the Maryland District Court. Plaintiff served the summons [Dkt. Entry 01/08/2008] and complaint to the United States Attorney and Attorney General by certified mail in January of 2008. Because Plaintiff mailed said documents herself, she had to ask the Clerk to re-issue the summons [Dkt. Entry 03/13/2008] to have a 3rd party serve the summons and complaint on the U.S. Attorney and Attorney General. Defendants' attorney has had knowledge of the instant suit since at least January of 2008. Plaintiff proffers that the Defendants and their counsel ignored L.Cv.R. 40.5(b)(3) to obtain leverage to argue against transferring the two cases back to the District of Maryland and unfairly bolstered Def. Motion to Dismiss. Def. Mtn. to Dismiss implies bad faith on the part of the Plaintiff, but does not overtly state it. Plaintiff proffers this is another legal strategy, because it prompts the Court to *sua sponte* raise the issue without overtly placing the Plaintiff on notice that the issue was raised by the implications in Def. Mtn. Dismiss. Plaintiff assures the Court that she filed in the District of Columbia in good faith and under the advice of Attorney Irving Kator, who later became contractually obligated to represent Plaintiff herein, but never entered his appearance and then unfortunately passed away.

the District of Maryland.   On or about June 26, 2007 Plaintiff filed two complaints that were connected: (1) *Rogler v. Biglow, et al.*, Civil Action No. 07-1675(WMN), which is an action under 1985 and *Bivens* ("*Bivens* case"); and (2) *Rogler v. DHHS*, Civil Action No. 07-1676(WMN), which is an action under the Privacy Act ("Privacy Act case").   Plaintiff sequentially numbered the paragraphs for her Privacy Act complaint to follow the last paragraph of her *Bivens* complaint.  The Clerk's Office pulled the complaints apart and stated that the connected complaint had to be considered as two complaints.  Plaintiff later learned that she could move to consolidate the complaints pursuant to Rule 42(a).

Plaintiff had difficulties with service of process in both cases.  Plaintiff moved for leave to proceed in *forma pauperis* ("IFP status") in both cases.  The Maryland District Court granted her leave to proceed in *forma pauperis* in the Privacy Act case, but the Court did not render a decision in her *Bivens* case.[2]  In the Privacy Act case for 262 days the Clerk's Office had failed to serve the U.S. Attorney and Attorney General in strict compliance with Fed. R. Civ. P. Rule 4.  Plaintiff noticed her dismissal without prejudice pursuant to Fed. R. Civ. P. Rule 41.  The parties agreed that the Court would dismiss the Plaintiff's *Bivens* complaint without prejudice or conditions.

At separate times Attorney Irving Kator ("Kator") recommended to the Plaintiff that she re-file both complaints in the United States District Court for the District of Columbia.  The law firm of Kator, Parks, & Weiser, L.P.P.C. ("the law firm")[3] entered into an engagement agreement with the Plaintiff to represent her in all of her cases filed in the United States District Courts for the Districts of Columbia and Maryland.  The firm has abandoned representation of the Plaintiff in the instant

---

[2] Perhaps because the *Bivens* case is an alternative remedy to Plaintiff's Title VII case.
[3] Actually the law firm has concealed the fact that there are two law firms involved.  One is the Law Offices of Irving Kator wherein Attorney Irving Kator was a solo practitioner.  The second is Kator, Parks & Weiser, L.P.P.C., wherein Kator refers to Attorney Michael Kator.  Attorney Irving Kator was not a member or employee of Kator, Parks & Weiser.  Although Kator, Parks & Weiser permitted Irving Kator to use their name and letterheads.  Unfortunately, Irving Kator passed away on June 3, 2008 and had had cancer and heart problems and was 88 years old.

matter without cause.[4] Mr. Kator entered his appearance in Plaintiff's Title VII suit five weeks later and only after Judge Nickerson's chambers telephoned him. Plaintiff in good faith relied upon the advice of counsel. Defendants have not asserted any legal argument to support any contention that Plaintiff's filing the instant suit in the District of Columbia was not done in good faith.[5] Defendants merely argue that she did it and therefore the case should be dismissed, but totally fail to show any bad faith on the part of the Plaintiff. Additionally the Privacy Act statute grants the United States District Court for the District of Columbia with jurisdiction.

In both actions, Plaintiff clearly relies on the same set of facts. Accordingly, for this reason as well as those set forth below, the Court should now consolidate the two cases.

## ARGUMENT

### Consistent with the Federal Rules of Civil Procedure and the Local Rules, Plaintiff's Privacy Act and *Bivens* Cases Should be Consolidated.

Pursuant Fed. R.Civ. P. Rule 42(a), the Court has discretion to consolidate cases if they involve "a common question of law or fact." Consolidation is particularly appropriate in these two cases, which have common issues of facts and law, common witnesses, overlapping testimonial and documentary evidence. *De Figuerido v. TWA*, 55 F.R.D. 44, 46 (S.D.N.Y. 1971). The facts and law in the two cases strongly suggest consolidation is appropriate.

In exercising discretion, the Court should weigh the economies of time and effort achieved through consolidation against the inconveniences, delays, and expenses that might result if the actions remain unconsolidated. In *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15

---

[4] The abandonment was probably due to Mr. Irving Kator 's ill health (cancer and heart problems) and was 88 years old with a failing memory before he died.
[5] Plaintiff does not know if Attorney Irving Kator's advice was adversely affected by his medical condition or if it was good advice. His abandonment of the Plaintiff has certainly harmed her.

(D.D.C. 2007)(J. Urbina) the Court discusses the legal analysis as weighing equity and judicial economy for consolidation of cases as follows:

> A. Legal Standard for a Motion to Consolidate
>
> Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." FED. R. CIV. P. 42(a). By its plain language, Rule 42(a) permits *sua sponte* consolidation. *In re Pepco Employment Litig.*, 1990 WL 236073, at *1 (D.D.C. Dec. 20, 1990); *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).
>
> Consolidation of actions under Rule 42(a) is "a valuable and important tool of judicial administration." *Devlin*, 175 F.3d at 130 (internal quotations omitted). It helps to "relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002). To determine whether consolidation is appropriate, a court should consider both equity and judicial economy. *Devlin*, 175 F.3d at 130. If "savings of expense and gains of efficiency can be accomplished without sacrifice of justice," a court may find the actions merit consolidation. *Id.* (internal quotations omitted).
>
> Actions that involve the same parties are apt candidates for consolidation. 9 FED. PRAC. & PROC. CIV. 2D § 2384. Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts. *Davis v. Buffalo Psychiatric Ctr.*, 1988 U.S. Dist. LEXIS 9289, 1988 WL 47355, at *1 (W.D.N.Y. May 10, 1988). If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate. *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002). In short, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003).

Certainly equity and judicial economy weigh in favor of the consolidation of the two cases. In Defendants' proposed opposition to Plaintiff's motion to consolidate, Defendants did not assert any confusion and/or prejudice that would be caused by the proposed consolidation.

In the past under similar circumstances, the United States Attorney has moved for consolidation of the cases and has been granted consolidation. *Teel v. U.S. GVT. Veterans Affairs*

5

*Ctr, et al*, C.A. No. 03-1196 (RMC). Plaintiff proffers that the only reason Defendants propose that they will oppose consolidation in the instant case is because they believe it will provide them with a legal advantage and is not based upon the test of Fed.R.Civ. P., Rule 42.

The Court in *Scarborough v. Nat'l. Ass'n. of Sur. Bond Producers*, 474 F. Supp. 2d 64, 70-71 (D.D.C. 2007)(J. Walton) stated:

> Federal Rule of Civil Procedure 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the [same] court, it may . . . order all the actions consolidated[,] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court." *Am. Postal Workers Union v. USPS*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006) (internal quotation marks and citation omitted). In determining whether consolidation is appropriate, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Id.* (internal quotation marks and citation omitted); *see also Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (observing that "[c]onsolidation may increase judicial efficiency by reducing presentation of duplicative proof at trial . . . [and] eliminating the need for more than one judge to familiarize themselves with the issues presented") (citation omitted).

The Court in *Scarborough*, id. at 71, further analyzed the interplay of a motion to consolidate with a motion to re-transfer.

> In addition, when considering a motion to retransfer an action to its original forum, "the transfer order . . . bind[s] the [transferee] court . . . in the absence of clear error or manifest injustice." *Hill v. Henderson*, 338 U.S. App. D.C. 456, 195 F.3d 671, 677 (D.C. Cir. 1999) (citation omitted). However, where "the [original] purpose of the transfer [is] frustrated" by changed circumstances after the transfer order has been entered, retransfer may be appropriate. *Wells v. Liddy*, 115 F. Supp. 2d 1, 2 (D.D.C. 2000) (quoting *Russell v. IU Int'l Corp.*, 685 F. Supp. 172, 176 (N.D. Ill. 1988)) (internal quotation marks omitted); *see Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362, 365, 86 S. Ct. 522, 15 L. Ed. 2d 416 (1966) (noting the right of litigants "to apply . . . to have [their] case transferred back to [its original forum] because of changed conditions") (footnote omitted); *In re Cragar Indus.*, 706 F.2d 503, 505 (5th Cir. 1983) (holding that "when . . . post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court"); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. Juris. 3d § 3846 (2006) (stating that "[a] motion to

retransfer is perfectly appropriate . . . upon a showing of changed circumstances") (footnote omitted). Finally, it is well-settled that "a plaintiff's choice of forum is [ordinarily] entitled to considerable deference." *Lentz v. Eli Lilly & Co.*, 464 F. Supp. 2d 35, 2006 U.S. Dist. LEXIS 90767, 2006 WL 3704717, at *3 (D.D.C. 2006) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)); *see also Liban v. Churchey Group II*, 305 F. Supp. 2d 136, 141 (D.D.C. 2004) (stating that "courts generally must afford substantial deference to the plaintiff's choice of forum") (citation omitted).

In many aspects the Plaintiff's motion to transfer in reality is a motion to re-transfer her cases back to the United States District Court for the District of Maryland. Plaintiff re-filed in the instant forum in good faith to obtain counsel. However Plaintiff's counsel never entered his appearance in the instant matter and has unfortunately passed away.

**WHEREFORE** pursuant to Rule 42 (a) of the Federal Rules of Civil Procedure ("Federal Rules"), the Plaintiff moves to consolidate this action with *Rogler v. Biglow, et al.*, C.A. No. 08-2308(RMC) and for the return of one of her $350.00 filing fees.

Respectfully submitted by:

DATED: August 14th, 2008

_____
EDAR ROGLER, Plaintiff *pro se*
915 Boucher Avenue
Annapolis, Maryland 21403
(410) 280-9270

## CERTIFICATE OF SERVICE

I hereby certify that on August 14th, 2008 I mailed postage, pre-paid the above reply to AUSA Judith A. Kidwell, 555 Fourth Street, N.W. – Civil Division, Room E4905, Washington, District of Columbia 20530.

_____
EDAR ROGLER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDAR Y. ROGLER,<br>    PLAINTIFF | : |
| VERSUS | :   C.A. No.: 08-00570(RMC) |
| U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>& REV. OWEN RAY FITZGERALD<br>    DEFENDANTS. | : |

..o0o..

## ORDER

On motion of Plaintiff Edar Rogler, *pro se* for an order consolidating this case with *Rogler v. Biglow, et al.*, Civil Action No. 07-2308(RMC), this Court specifically finds that, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, this case and Civil Action No. 07-2308(RMC) involve common questions of fact. Now, therefore, based upon the foregoing, it is hereby

ORDERED, that Plaintiff's motion is, in all of its terms hereby GRANTED; and it is further

ORDERED, that Civil Actions Nos. 08-0570(RMC) and 07-02308(RMC) are consolidated;

And it is further ORDERED that the Clerk shall reimburse the Plaintiff one $350.00 filing fee.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE